UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cr110-RJC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| URIEL HERNANDEZ, | ) | |
| Defendant. | ) | |

The Bill of Indictment in this case charges Defendant with a violation of 21 U.S.C. § 841. The Indictment also provided notice that property is subject to forfeiture pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c).

Defendant pled guilty to Count One in the Bill of Indictment; and was adjudged guilty of the offense charged in that count.

The Government attached to its Motion for Preliminary Order of Forfeiture an Affidavit setting forth evidence of a nexus between the property and the violation charged in the Bill of Indictment.

For purposes of Fed. R. Crim. P. 32.2 and based on the Indictment, plea of guilty, Motion for Preliminary Order of Forfeiture and Affidavit in Support of Motion for Preliminary Order of Forfeiture, the Government has established the requisite nexus between the property identified herein and the offense charged.

It is therefore ORDERED:

1. Based upon 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), this Order shall constitute a preliminary order of forfeiture for the following property, the United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United

States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**Approximately $5,500 in U.S. currency seized from Defendant on September 3, 2010.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: January 31, 2012

Robert J. Conrad, Jr.
Chief United States District Judge